UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSHUA JACKSON, )
 )
        Plaintiff, )
 )
   vs. ) No. 2:17-cv-00099-WTL-DLP
 )
DOCTOR CHAVEZ, et al., )
 )
        Defendants. )

## Entry Discussing Motion for Injunction

Plaintiff Joshua Jackson has moved for a preliminary injunction. He asserts that he has not been provided with physical therapy to alleviate his prostatitis.

## Standard for Injunctive Relief

A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need. *Goodman v. Ill. Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). A party seeking a preliminary injunction must show (1) that its case has "some likelihood of success on the merits," and (2) that it has "no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied." *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir. 2011). If the moving party meets these threshold requirements, the district court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied." *Id.* The district court's weighing of the facts is not mathematical in nature; rather, it is "more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief."

*Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 895–96 (7th Cir. 2001) (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).

**Discussion**

Jackson's claims are that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

"[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). "To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). *See Plummer v. Wexford Health Sources, Inc.*, 609 Fed. Appx. 861, 2015 WL 4461297, *2 (7th Cir. 2015) (holding that defendant doctors were not deliberately indifferent because there was "no evidence suggesting that the defendants failed to exercise medical judgment or responded inappropriately to [the plaintiff's] ailments").

First, because he has been transferred to a different facility and the individual defendants in this case are no longer responsible for his care, Jackson cannot obtain injunctive relief against

them.[1] In addition, Jackson states broadly that he requires physical therapy for his urinary tract issues, but he has yet to present evidence that the defendants have failed to exercise their medical judgment in treating him. Jackson has therefore failed to show that he has a reasonable likelihood of success on the merits of his claims. In addition, defendant Wexford has provided evidence that Jackson is receiving evaluation and treatment for his medical conditions and there is no evidence of any significant problem. Jackson therefore has not shown that he will suffer irreparable harm if injunctive relief is not granted.

## Conclusion

By failing to meet these threshold requirements, Jackson has failed to show his entitlement to injunctive relief. His motion for a preliminary injunction, Dkt. No. 71, is **denied**.

**IT IS SO ORDERED.**

Date: 3/12/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA JACKSON
222115
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

---

[1] Jackson sought to add claims against his current medical providers, but those motions have been denied. Dkt. 137.